IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERNEST K. LEHMAN & ASSOCIATES OF MONTANA, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 07cv00762-HHK<br>Hon. Henry H. Kennedy |
| DIRK KEMPTHORNE,<br>Secretary of the Interior, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants hereby answer plaintiffs' Complaint and admit, deny and aver as follows:

1.  The allegations in paragraph 1 are conclusions of law to which no response is required.

2.  The allegations in paragraph 2 are conclusions of law to which no response is required. Defendants admit that the Department of the Interior (the "Department") is an agency of the United States and resides in this district.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3. Defendants admit that Ernest K. Lehman & Associates held claims labeled Patricia #14 - 16 and Royal East #1 - 2 prior to the Department's finding that no valuable discovery had been made on those claims.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4. Defendants admit that Mount Royal Joint Venture held a claim labeled East Butte #6 prior to the Department's finding that no valuable discovery had been made on the claim.

5.      Defendants admit that Dirk Kempthorne is the Secretary of the Department.  The remaining allegations of paragraph 5 are conclusions of law or plaintiffs' characterization of their case to which no response is required.

6.      Defendants admit that C. Stephen Allred is the Assistant Secretary for Land and Minerals Management.  The remaining allegations of paragraph 6 are conclusions of law or plaintiffs' characterization of their case to which no response is required.

7.      The allegations of paragraph 7 are conclusions of law to which no response is required.

8.      Defendants admit that James M. Hughes is the Acting Director of the Bureau of Land Management ("BLM").  The remaining allegations of paragraph 8 are conclusions of law conclusions of law or plaintiffs' characterization of their case to which no response is required.

9.      The allegations of paragraph 9 are conclusions of law to which no response is required.

10.     The allegations of paragraph 10 are conclusions of law to which no response is required. The statute cited and quoted in paragraph 10 speaks for itself and is the best evidence of its content.

11.     The allegations of paragraph 11 are conclusions of law to which no response is required. The statute cited and quoted in paragraph 11 speaks for itself and is the best evidence of its content.

12.     The allegations of paragraph 12 are conclusions of law to which no response is required. The statute cited and quoted in paragraph 12 speaks for itself and is the best evidence of its content.

13.     Defendants admit the allegations of paragraph 13 but aver that only some of the mining claims in the area were properly patented.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 14. Defendants deny the allegations of the second sentence of paragraph 14 and aver that during the course of exploration, plaintiffs identified target sites for exploratory drilling on East Butte in the Tootsie Creek drainage.

15. With respect to the first sentence of paragraph 15, defendants admit that plaintiffs located numerous unpatented mining claims but deny that plaintiffs made discovery of a valuable mineral deposit on any of the disputed claims. Further, defendants are without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegation that they acquired real property interests on East Butte. Defendants admit the allegations of the second sentence of paragraph 15.

16. Defendants admit that plaintiffs filed a Plan of Operations on October 7, 1985 and that said plan was approved June 30, 1986. Defendants deny that the plan was characterized as a plan to further develop and delineate claims and aver that the plan was characterized as a plan for exploration. The plan speaks for itself and is the best evidence of its content.

17. Defendants deny the allegations of paragraph 17 but aver that in 1992 a Plan of Operations for exploration, not development, was filed with the BLM by Manhattan Minerals (US) Ltd., as operator for Royal East Joint Venture. The plan speaks for itself and is the best evidence of its content.

18. The first clause of the first sentence of paragraph 18 is a legal conclusion to which no response is required. Defendants deny that approval of the plan was delayed but admit that an Environmental Impact Statement ("EIS") was prepared. The EIS speaks for itself and is the best

3

evidence of its content.

19.   Defendants admit the allegations of the first sentence of paragraph 19. Defendants deny the remaining allegations of paragraph 19.

20.   Defendants deny the allegations of the first sentence of paragraph 20 but aver that the draft EIS for the Royal East Venture Exploration Project was released for comment in February 1993. The remaining allegations of paragraph 20 purport to paraphrase the EIS which speaks for itself and is the best evidence of its content.

21.   Defendants deny the allegations of the first sentence of paragraph 21 but admit that the Lewiston District Manager requested an opinion from the Field Solicitor on March 26, 1993. Defendants are without knowledge or information sufficient to form a belief as to the allegations of the second sentence of paragraph 21.

22.   Defendants admit that Representative Pat Williams wrote a letter to Bruce Babbit on or about June 2, 1993. The letter speaks for itself and is the best evidence of its content.

23.    Defendants admit only that on or about June 2, 1993, the Field Solicitor responded by memorandum to the Lewiston District Manager. The memorandum speaks for itself and is the best evidence of its content.

24.   Defendants admit only that on or about June 8, 1993, Josh Drew wrote a memorandum to Jim Baca. The remaining allegations of paragraph 24 purport to paraphrase the memorandum which speaks for itself and is the best evidence of its content.

25.   Defendants admit on or about June 14-15, 1993, a task force consisting of Department and BLM employees met in Washington, DC and that Karen Hawbecker was in attendance. The recommendations of the task force speak for themselves and are the best evidence of their

content.  Defendants deny the remaining allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26 and aver that on July 28, 1993, the BLM Director submitted to the Assistant Secretary for Land and Minerals Management a proposal for the withdrawal of 19,684.74 acres of public minerals within the Sweet Grass Hills area from location and entry under the mining laws of the United States.  That proposal speaks for itself and is the best evidence of its content.

27.     Defendants deny the allegations of paragraph 27 and aver that on August 3, 1993, a document titled "Proposed Withdrawal and Opportunity for Public Meeting; Montana" was published in the Federal Register.  58 Fed. Reg. 41289 (Aug. 3, 1993).  The "Proposed Withdrawal and Opportunity for Public Meeting; Montana" is a document which speaks for itself and is the best evidence of its content.

28.     Defendants deny the allegation of the first sentence of paragraph 28 and aver that on July 28, 1995 a document titled "Proposed Withdrawal; Montana" was published in the Federal Register.  60 Fed. Reg. 38852 (July 28, 1995).  The "Proposed Withdrawal; Montana" is a document which speaks for itself and is the best evidence of its content.  Defendants deny the allegations of the second sentence of paragraph 28 and avers that on April 10, 1997 a document titled "Public Land Order No. 7254; Withdrawal of Public Mineral Estate Within the Sweet Grass Hills Area of Critical Environmental Concern and Surrounding Areas; Montana" was published in the Federal Register and a correction was published in the Federal Register on April 28, 1997.  62 Fed. Reg. 17633 (Apr. 10, 1997); 62 Fed. Reg. 22964 (Apr. 28, 1997).  The "Public Land Order No. 7254; Withdrawal of Public Mineral Estate Within the Sweet Grass Hills Area of Critical Environmental Concern and Surrounding Areas; Montana" is a document

which speaks for itself and is the best evidence of its content.

29.    Defendants admit that on or about August 9, 1993, BLM suspended processing of the plan of operation and began a validity examination of plaintiffs' 14 claims. Defendants admit the remaining allegations of paragraph 29 but aver that plaintiffs' claims were the only claims covered by a proposed plan of operations.

30.    With respect to the first sentence of paragraph 30, defendants are without knowledge or information sufficient to form a belief as the date on which plaintiffs received the BLM's Validity Report. The remainder of paragraph 30 purports to paraphrase the Validity Report which speaks for itself and is the best evidence of its content.

31.    Defendants admit the allegations of the first and third sentences of paragraph 31. With respect to the second sentence of paragraph 31, the allegation purports to paraphrase a document which speaks for itself and is the best evidence of its content.

32.    Defendants admit that the Administrative Law Judge ("ALJ") issued a Pre-Hearing Order on or about April 29, 1997. The remaining allegations of paragraph 32 purport to paraphrase the Pre-Hearing Order which speaks for itself and is the best evidence of its content.

33.    With respect to the first sentence of paragraph 33, defendants admit that a contest hearing was held on March 30, 1998 through April 3, 1998. With respect to the second sentence of paragraph 33, defendants admit that the BLM introduced a Mineral Report addendum as an exhibit that was entered into evidence. The allegations of the third sentence of paragraph 33 purport to characterize the Mineral Report addendum which speaks for itself and is the best evidence of its content. With respect to the fourth sentence of paragraph 33, defendants are without knowledge or information sufficient to form a belief as to whether plaintiffs were

unaware of the analysis in the Mineral Report addendum. With further respect to the fourth sentence of paragraph 33, the allegation that the ALJ violated the Pre-Hearing Order by allowing the addendum into evidence and allowing the BLM to testify on the analysis therein is a legal conclusion to which no response is required.

34. Defendants admit the allegations of paragraph 34.

35. The allegation of paragraph 35 is a conclusion of law to which no response is required.

36. Defendants deny the allegations of paragraph 36.

37. No response is required to paragraph 37.

38. The allegations of paragraph 38 are conclusions of law to which no response is required.

39. The allegations of paragraph 39 are conclusions of law to which no response is required.

40. The allegations of paragraph 40 are conclusions of law to which no response is required.

41. The first sentence of paragraph 41 quotes a document which speaks for itself and is he best evidence of its content. The second sentence of paragraph 41 is a conclusion of law to which no response is required.

42. Defendants deny the allegations of paragraph 42.

43. No response is required to paragraph 43.

44. The allegations of paragraph 44 are conclusions of law to which no response is required.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. No response is required to paragraph 47.

48. The allegations of paragraph 48 are conclusions of law to which no response is required.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

All allegations not expressly admitted or denied above are hereby denied.

Affirmative Defenses

1. Plaintiffs have not stated a claim for which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, defendants respectfully request that this Court deny plaintiffs all relief requested, dismiss the Complaint with prejudice, grant defendants such other relief as the Court deems appropriate.

Respectfully submitted this 2nd day of August, 2007,

                    RONALD J. TENPAS
                    Acting Assistant Attorney General
                    Environment and Natural Resources Section


                    */s/ Mark T. Romley*
                    MARK T. ROMLEY, CA Bar #240655
                    United States Department of Justice
                    Environment and Natural Resources Division
                    Natural Resources Section
                    P.O. Box 663
                    Washington, D.C. 20044-0663
                    Tel: (202) 305-0458
                    Fax: (202) 305-0506
                    Attorney for Defendants

Of Counsel:

Karan L Dunnigan
Field Solicitor
Office of the Solicitor
United States Department of the Interior
P.O. Box 31394
Billings, Montana 59107-1394