IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST K. LEHMANN & ASSOCIATES ) <br> OF MONTANA, INC., <u>et</u> <u>al.</u>, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, <u>et</u> <u>al.</u>, ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 07cv00762-HHK <br> Hon. Henry H. Kennedy |

**FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

    The parties in this case are currently briefing cross-motions for summary judgment under Federal Rule of Civil Procedure 56. Local Rules 7(h) and 56.1 require the submission of a statement of material facts as to which the moving party contends there is no genuine issue. For the reasons explained below, however, such a Statement is unnecessary in this case.

    It is well established that, in cases such as this one – where Plaintiffs seek judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 – the scope of that judicial review is properly limited to the administrative record that was before the agency at the time the decision was made. <u>See, e.g.</u>, <u>Florida Power and Light Co. v. Lorion</u>, 470 U.S. 729, 743 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." <u>Florida Power & Light Co.</u>, 470 U.S. at 743-44.

    Accordingly, judicial review of final agency action on summary judgment is different in nature from the procedures used to resolve civil actions within the original jurisdiction of the

federal district courts. See Defenders of Wildlife v. Babbitt, 130 F. Supp.2d 121, 124 (D.D.C. 2001)("Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based on the administrative record . . . , even though the Court does not employ the standard of review set forth in Rule 56, Fed.R.Civ.P.") (emphasis added). In APA cases, the district court sits as an appellate tribunal. University Medical Center of Southern Nevada v. Shalala, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999) (citing Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1225-26 (D.C.Cir.1993). Thus, judicial review is confined to the administrative record already in existence, and does not contemplate a factual record developed de novo in federal district court. Community for Creative Non-Violence v. Lujan, 908 F.2d 992,998 (D.C. Cir. 1990). "As all material facts are within the administrative record, no material facts are in dispute." LeBoeuf, Lamb, Greene & MacRae, LLP v. Abraham, 215 F.Supp 73, 84 (D.D.C. 2002); see also National Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d 1272, 1282 (D.C. Cir. 2005) (recognizing that the D.C. Circuit has repeatedly held that claims asserting "an agency's action is arbitrary and capricious or contrary to law present purely legal issues").

Because there are no material facts for the Court to resolve in the first instance here, a Statement of Material Facts as contemplated by LCvR 7(h) and 56.1 is inapposite. Nonetheless, to ensure strict compliance with the local rules, the Federal Defendants submit the following Statement of Material Facts As To Which There is No Genuine Issue in support of their Cross-Motion for Summary Judgment.

    1.    On March 14, 1996, BLM submitted a Complaint to the Department of Interior's Hearings Division of the Office of Hearings and Appeals.

2. On April 26, 2007, Plaintiffs filed this action seeking review of the Interior Board of Land Appeal's decision finding invalid six mining claims held by Plaintiffs.

3. All material facts in this action are contained in the certified administrative record filed in this action.

January 22, 2008                                            Respectfully submitted,

                                                            RONALD J. TENPAS
                                                            Assistant Attorney General
                                                            Environment and Natural Resources Division

Of Counsel:                                                 /s/ *Mark T. Romley*
Karan A. Dunnigan                                           MARK T. ROMLEY
Field Solicitor                                                  Trial Attorney
U.S. Department of the Interior                             United States Department of Justice
                                                            Environment and Natural Resources Division
                                                            Natural Resources Section
                                                            P.O. Box 663
                                                            Washington, D.C. 20044-0663
                                                            (ph)(202) 305-0458/(fax)(202) 305-0506